Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3452 | **DATE** | 1/2/2004 |
| **CASE TITLE** | DIRECTV vs. Castillo, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Defendant Robert Celaya's motion to dismiss Counts III and V is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JAN 02 2004 date docketed | |
| ✓ | Docketing to mail notices. | | 41 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TH✓ | courtroom deputy's initials | date mailed notice | |
| | | date/time received in central Clerk's Office | mailing deputy initials |

| | |
|---|---|
| DIRECTV, Inc. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 3452 |
| ) | |
| WILLIAM CASTILLO, KIM ) | |
| CASHMORE, ROBERT CELAYA, TIM ) | |
| CHADWICK, MICHAEL CHAMBERLIN, ) | |
| MARTY CHAPUIS, LEE CHARLES and ) | |
| ALBERTO CHINA, ) | |
| ) | |
| Defendants. ) | |

DOCKETED
JAN 0 2 2004

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff DIRECTV, Inc. ("DIRECTV") commenced this action against various Defendants, including Robert Celaya, alleging violations of the Cable Communications Policy Act, 47 U.S.C. § 605, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511-12 and civil conversion. Defendant Celaya has moved to dismiss counts III and V of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendant's motion is granted.

## ANALYSIS

### I. Legal Standards

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Dismissal is proper only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the

41

allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 3d 59 (1984). In assessing the motion, the Court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483 (7th Cir. 1997).

## II. Count III – Section 2512 of the Electronic Communications Privacy Act

In count III, Plaintiff alleges that Defendants "possessed, manufactured, and/or assembled an electronic, mechanical or other device knowing, or having reason to know" that such device was designed primarily to make it useful for intercepting satellite television broadcasts, in violation of Section 2512 of the Electronic Communications Privacy Act (the "Act"). Defendant argues that the Court should dismiss this count because Section 2512 does not provide for a private cause of action. Plaintiff counters that Section 2520 provides for a civil cause of action against parties that have violated Section 2512.

Section 2520(a) expressly provides, in relevant part, "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" may maintain a private cause of action. 18 U.S.C. § 2520(a). Under a plain reading of the statue, the phrase "in violation of this chapter" only qualifies any interception, disclosure or intentional use of the electronic communication. It does not provide for a private cause of action for any violation of the chapter. Because Section 2512 only criminalizes the manufacture, assembly, possession, or sale of any device designed to surreptitiously intercept electronic communications, Section 2520(a) does not provide Plaintiff with a civil cause of action. Section 2512 does not refer to or incorporate the interception, disclosure, or use prohibited by the Act. Section 2520(a) therefore does not provide for a private cause of action for a violation of Section

2

2512. *See Flowers v. TandyCorp.*, 773 F.2d 585 (4th Cir. 1985) (no private cause of action); *DIRECTV, Inc. v. Jerolleman*, No. 03-1465, 2003 WL 22697177 (E.D. La. Nov. 12, 2003) (same); *DIRECTV, Inc. v. Westendorf*, No. 03 C 50210, 2003 WL 22139786, *1 (N.D. Ill. Sept. 16, 2003)(same); *DIRECTV, Inc. v. Cardona*, 275 F. Supp. 2d 1357, 1367 (M.D. Fla. 2003). *But see DIRECTV, Inc. v. Gatsiolis*, No. 03 C 3534, 2003 WL 22111097 (N.D. Ill. Sept. 10, 2003) (holding that plaintiff stated a cause of action under § 2520 for a violation of § 2512); *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F.Supp.2d 1077, 1084 (C.D. Cal.2002) (same); *Oceanic Cablevision, Inc. v. M.D. Electronics*, 771 F. Supp. 1019, 1027-29 (D. Neb.1991) (same). Accordingly, count III is dismissed.

### III. Count V – Conversion

Defendant seeks to dismiss count V which purports to state a claim for common law conversion. "A conversion is any unauthorized act that deprives a person of his or her or its property permanently or for an indefinite time." *Turner Investors v. Pirkl*, 338 Ill. App. 3d 676, 681, 789 N.E.2d 323, 327, 273 Ill. Dec.423, 427 (Ill. App. Ct. 2003) (citations omitted). In order to state a claim for conversion in Illinois, Plaintiff must allege that (1) it has a right to the property at issue; (2) it has an absolute and unconditional right to the immediate possession of that property; (3) it made a demand on the defendant for possession of the property; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property. *Cirrincione v. Johnson*, 184 Ill. 2d 109, 114, 703 N.E.2d 67, 70, 234 Ill. Dec. 455, 458 (Ill. 1998).

The property at issue in count V is Defendant's interception of "digitized video and audio signals." Defendant argues that because this property is intangible, it cannot serve as the basis of

3

a conversion claim in Illinois. In support of his argument, Defendant cites *In re Thebus*, 108 Ill. 2d 255, 91 Ill. Dec. 623, 483 N.E.2d 1258, 1260 (Ill. 1985). In *In re Thebus*, the Illinois Supreme Court noted that "[i]t is ordinarily held, however, that an action for conversion lies only for personal property which is tangible, or at least represented by or connected with something tangible." *Thebus*, 108 Ill. 2d at 260, 483 N.E.2d at 1260, 91 Ill. Dec. at 625 (quoting 18 Am. Jur. 2d Conversion sec. 9, at 164 (1965)). In 1998, the Illinois Appellate Court reiterated that only tangible property is subject to a conversion action: "[o]ur supreme court has stated that an action for conversion lies only for personal property that is tangible or at least represented by or connected with something tangible." *Bilut v. Northwestern University*, 296 Ill. App. 3d 42, 230 Ill. Dec. 161, 692 N.E.2d 1327, 1334 (Ill. App. Ct.1998) (citing *In re Thebus*, 108 Ill. 2d 255, 91 Ill. Dec. 623, 483 N.E.2d 1258 (1985)). That same year, however, an Illinois Appellate Court held exactly the opposite: "parties may recover for conversion of intangible assets." *Stathis v. Geldermann, Inc.*, 295 Ill. App.3d 844, 856, 229 Ill. Dec. 809, 818 692 N.E.2d 798, 807 (Ill. App. Ct.1998) (citing *Conant v. Karris*, 165 Ill. App.3d 783, 792, 117 Ill. Dec. 406, 520 N.E.2d 757 (1987)).

Although the law in Illinois is not clear on whether intangible rights can serve as the basis for a conversion claim, the Court agrees with the recent analysis conducted by Judge Coar in *DIRECTV, Inc. v. Patel*, No. 03 C 3442, 2003 WL 22682443 (N.D. Ill. Nov. 12, 2003). In *Patel*, Judge Coar held: "In every Illinois conversion case involving intangible property, the Plaintiff has been deprived of the ability to benefit from the object of the alleged conversion." *Id.* at *2. Here, Defendant's purported "conversion" did not deprive DIRECTV of its continued use of its encrypted satellite television signal. "The Illinois courts have not broadened the common law

4

tort of conversion so far as to permit the Plaintiff to recover on this theory." *Id.* Accordingly, Defendant's motion to dismiss count V is granted.

## CONCLUSION

Defendant Robert Celaya's motion to dismiss counts III and V is granted.

Dated: January 2, 2004        ENTERED:

_____
AMY J. ST. EVE
United States District Court Judge